UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH HAGGARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4165** |
| **FREDDIE DRENNAN - CHIEF OF POLICE, ET AL.** | **SECTION: "S"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Joseph Haggard, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Freddie Drennan, Rodney Strain, Walter Reed, and other unidentified persons. In this lawsuit, plaintiff apparently asserts various claims related to his arrest, prosecution, and detention on state criminal charges.

In order to get a better understanding of the factual and legal bases of plaintiff's claims, the undersigned United States Magistrate Judge set a Spears hearing in this matter for September 12, 2006. However, on September 8, 2006, an official from the St. Tammany Parish Jail, plaintiff's address of record, notified the Court by telephone that plaintiff was no longer at that facility. Because plaintiff's whereabouts were unknown, the Spears hearing was canceled and plaintiff was ordered to file with the Court a change of address on or before September 22, 2006.[1] Plaintiff has not complied with that order.

---

[1] Rec. Doc. 7.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The mail most recently sent by this Court to plaintiff at his address of record has been returned as undeliverable, and more than thirty days have elapsed since the first mail was returned.[2]

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, the Court has confirmed that he is no longer incarcerated at his address of record, and he has failed to provide this Court with his current address. Due solely to plaintiff's own inaction, this Court has no way to contact him to reschedule the Spears hearing or to otherwise advance his case.

---

[2] Rec. Docs. 5 (returned August 23, 2006) and 6 (returned September 1, 2006).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twenty-seventh day of September, 2006.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**